UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERTO JOSE PIRELA SOTO,

Petitioner,

v. Case No. 3:26-cv-2003-MMH-LLL

ACTING SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER**

Petitioner Roberto Jose Pirela Soto, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on August 5, 2026. He is proceeding on an Amended Petition for Writ of Habeas Corpus (Doc. 4). Pirela Soto, a citizen of Venezuela, was paroled into the United States on July 10, 2023. Doc. 8-1 at 9. United States Immigration and Customs Enforcement detained Pirela Soto on July 24, 2026. Id. at 12. In Count One of Pirela Soto's Amended Petition, he argues that he is not subject to mandatory detention under 8 U.S.C. § 1225. Doc. 4 at 10. As relief, he seeks immediate release or an individualized bond hearing. Id. at 12–13.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies

to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Pirela Soto, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Pirela Soto was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Pirela Soto's Amended Petition for Writ of Habeas Corpus (Doc. 4) is **GRANTED** as to Count One.[1] Within **seven days** of this Order, Respondents shall either afford Pirela Soto an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Pirela Soto, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[1] Because the Court finds that Pirela Soto is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Amended Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/2
c:
Counsel of Record